

# IN THE
## TENTH COURT OF APPEALS

### No. 10-11-00208-CV

**FORREST PROPERTY MANAGEMENT, INC.,
FORREST CLEBURNE PROPERTIES, LP,
FORREST CHEVROLET-CADILLAC, INC.,
FORREST PONTIAC-BUICK-GMC TRUCKS, INC.,
CHARLES MICHAEL FORREST AND
MARTHA FORREST**

                                                                **Appellants**

 **v.**

**EDDIE MCGINNIS AND CITIZENS BANK,**

                                                                **Appellees**

---

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. C201000210

---

## MEMORANDUM OPINION

---

On April 19, 2011, Forrest Property Management, Inc., Forrest Cleburne

Properties, LP, Forrest Chevrolet-Cadillac, Inc., Forrest Pontiac-Buick-GMC Trucks, Inc.,

Charles Micheal Forrest, and Martha Forrest filed "appellants' motion to extend time to

file notice of appeal."[1]  The underlying notice of restricted appeal was filed in the trial court on April 19, 2011.[2]  It states that the parties are intending to appeal the trial court's judgment signed on September 27, 2010 in Cause No. 200900529 in the 249th Judicial District Court of Johnson County.[3]

In a restricted appeal, the notice of appeal must be filed within six months after the judgment is signed.  TEX. R. APP. P. 26.1(c).  An appellate court may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion for extension of time complying with Rule 10.5(b).  *See* TEX. R. APP. P. 10.5(b), 26.3.  With respect to the trial court's September 27, 2010 judgment, the last day to file a notice of restricted appeal was six months after September 27, 2010, or March 28, 2011.  A motion to extend time must have been filed by April 12, 2011.  In a letter dated May 3, 2011, the Clerk notified Appellants that the Court might dismiss this case for lack of jurisdiction because the notice of restricted appeal and the motion to extend time appeared to be untimely.

Because the notice of restricted appeal and the motion to extend time are untimely, we lack jurisdction over this restricted appeal.  The motion to extend time is

---

[1] Initially, the motion to extend was filed in case number 10-10-00273-CV, as that case number was listed in the motion's style and that case involved most of the same parties.  We have determined that the motion should have been filed as a new appeal.

[2] We assume without deciding that this case is properly characterized as a restricted appeal.

[3] The District Clerk has provided us with a file-marked copy of the judgments, as have Appellees with their response to Appellants' motion to extend time.

denied, and this appeal is dismissed for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed; motion to extend time denied
Opinion delivered and filed June 29, 2011
[CV06]